**In re G.I.C. GOVERNMENT SECURITIES, INC., Debtor.**

**Bankruptcy No. 85–2784–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 14, 1989.

Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for George Hadley Bankruptcy Trustee, Inc.

Harley E. Riedel, Stichter & Riedel, P.A., Tampa, Fla., for Britton, Cassel, Schantz and Schatzman.

George Hadley, Tampa, Fla., Bankruptcy Trustee, Inc.

Lynn England, Tampa, Fla., Asst. U.S. Trustee.

## ORDER ON MOTION FOR ORDER IMPOSING PERSONAL LIABILITY ON ATTORNEYS FOR FAILING TO REFUND ATTORNEYS' FEES

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion by George Hadley, Trustee (Trustee), which seeks to impose personal liability upon Lawrence Schantz (Schantz) and Robert Schatzman (Schatzman) for the repayment of attorneys fees which were previously found by this Court to be excessive and which were ordered to be repaid by the law firm of Britton, Cassel, Schantz and Schatzman pursuant to § 329 of the Bankruptcy Code. The law firm having since dissolved, the Trustee seeks to recover the monies from Schantz and Schatzman individually, because they were the attorneys who were principally responsible for the representation of the Debtor.

The following facts are relevant to the matter under consideration:

This matter originated upon the Trustee's Objection to the Report on Debtor's transactions with Britton, Cassel, Schantz and Schatzman, P.A. On October 15, 1987, the Trustee filed a motion pursuant to § 329 of the Bankruptcy Code and Bankruptcy Rule 2016 seeking reconsideration of the Debtor's pre- and post-Petition transactions with Schantz and Schatzman, who were at the time relevant, members of the law firm of Britton, Cassel, Schantz and Schatzman, P.A. It is without dispute that GIC Government Securities, Inc. (GIC) retained the firm of Britton, Cassel, Schantz and Schatzman, P.A., in connection with GIC's original petition for relief under Chapter 11 and paid $75,000.00 in connection with the institution of the case. The Chapter 11 case was subsequently converted to a Chapter 7 case, the Court having determined that GIC was a dealer in securities and was not eligible for relief under Chapter 11.

On July 13, 1988, this Court entered an order which was amended on January 19, 1989. The Order sustained the Trustee's Objection to the "Report of Debtor's Transactions" with the law firm and concluded that a reasonable fee for the services performed by the law firm for the Debtor in contemplation of bankruptcy should not exceed $50,000. Accordingly, the law firm of Britton, Cassel, Schantz and Schatzman, P.A. was directed to turn over $25,000 to the Trustee of the bankruptcy estate within sixty (60) days from the entry of the order. The Court deferred ruling on the Trustee's Motion to Impose Personal Liability upon the attorneys, Schantz and Schatzman, members of the firm who were the attorneys performing the services for which GIC paid the sum of $25,000.00. Inasmuch as the $25,000.00 has not been repaid to the bankruptcy estate, and the law firm of Britton, Cassel, Schantz and Schatzman, P.A., has since dissolved, the Trustee has moved to impose personal liability on Schantz and Schatzman, jointly and severally, plus interest from October 1, 1985, the date the funds were received by the law firm. Basically, these are the relevant facts which are pertinent to the matter under consideration.

Chapter 621 of Florida Statutes, 1987, governs professional service corporations and the extent of liability of the shareholder of the professional association. Section 621.07 entitled, *Liability of officers, agents, employees, shareholders and corporation* provides as follows:

Nothing contained in this act shall be interpreted to abolish, ... the law now in effect in this state ... provided, however, that any officer, agent, or employee of a corporation organized under this act shall be personally liable and accountable only for negligent or wrongful acts or misconduct committed by him, or by any person under his direct supervision and control, while rendering professional service on behalf of the corporation to the person for whom such professional services were being rendered.... (emphasis added)

Notwithstanding the statute and the fact that this case does not involve negligence or misconduct, this Court is of the opinion that in the event that attorneys fees are found to be excessive, as they have been in this case, the dissolution of the law firm does not relieve the attorneys involved from the responsibility of remitting the excessive fees as previously directed by this Court's Order. Therefore, the Motion to impose personal liability upon Schantz and Schatzman for the repayment of the $25,000.00 in fees found to be excessive should be granted without prejudice to allow Schantz and Schatzman to proceed against the assets of the dissolved law firm for reimbursement, if so deemed to be advised.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to impose personal liability on Schantz and Schatzman for the repayment of excessive attorneys fees be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion is granted without prejudice to allow Schantz and Schatzman to proceed against the assets of the dissolved law firm of Britton, Cassel, Schantz and Schatzman for any reimbursement, if so deemed to be advised.

DONE AND ORDERED.